UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAROLD TILLAGE                                           CIVIL ACTION 19-10858

VERSUS

WESTBANK FISHING, LLC                                    SECTION: "T"(3)

## ORDER

Before the Court is a Motion *In Limine* [1] filed by Westbank Fishing, LLC ("Westbank Fishing"). Harold Tillage ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion *In Limine* [3] is **DENIED.**

## BACKGROUND

This action arises out of damages sustained by Plaintiff while working aboard the F/V Frances T. Carinhas on June 11, 2018. Plaintiff was pulling netting into the boat when slack in the netting caused Plaintiff to fall backwards. On June 19, 2019, Plaintiff met with Dr. Andrew Todd, an orthopedic surgeon with Southern Orthopedic Specialists, who has identified Plaintiff as a potential candidate for a lumbar fusion procedure. Because Dr. Todd has not recommended that Plaintiff undergo a lumbar fusion procedure, Westbank Fishing contends Dr. Todd's opinion on Plaintiff's ability to return to work in gainful employment will be wholly speculative and unreliable. Westbank Fishing, therefore, seeks an order excluding any evidence concerning the supposed inability of Plaintiff to return to work to be offered by Dr. Todd. Plaintiff contends the testimony of Dr. Todd concerning Plaintiff's functional capacity is not speculative and unreliable

---

[1] R. Doc. 21.
[2] R. Doc. 27.
[3] R. Doc. 21.

1

but is in fact based upon information made known to Dr. Todd during the course of his treatment of Plaintiff.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[4] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[5]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[6] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[7] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[8] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[9] However, "Rule 702 does not mandate that an expert be highly qualified in order

---

[4] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[5] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).
[6] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[7] *Daubert*, 509 U.S. at 590.
[8] *Daubert*, 509 U.S. at 591.
[9] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).

to testify about a given issue."[10] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[11]

As the Court has previously noted, in bench trials such as this one, many of the *Daubert* safeguards are not implicated.[12] Additionally, the Court has great discretion in allowing evidence during a bench trial.[13] Westbank Fishing can explore the issues raised in its motion on cross-examination, but these issues do not necessitate completely excluding any evidence concerning the supposed inability of Plaintiff to return to work to be offered by Dr. Todd. Therefore, Westbank Fishing's Motion *in Limine* is denied.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* [14] filed by Westbank Fishing, LLC is **DENIED.**

**New Orleans, Louisiana**, on this 20th day of November, 2020.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[10] *Huss*, 571 F.3d at 452.
[11] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[12] *See Ybarra v. Int'l Shipholding Corp.*, 2019 WL 2077783, at *2 (E.D. La. Mar. 22, 2019).
[13] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[14] R. Doc. 21.